❏ Original     ❏ Duplicate O



CLERK'S OFFICE
A TRUE COPY
Sep 22, 2025
s/ MMK
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>information about the location of the cellular telephone assigned call number (404) 826-4631, service provider of Verizon, a wireless telephone service provider headquartered at 180 Washington Valley Road, Bedminster, New Jersey 07921.  Fully described herein and in Attachment A | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No.   25     MJ     168 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____  District of _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before _____10/6/2025_____ *(not to exceed 14 days)*
❏ in the daytime 6:00 a.m. to 10:00 p.m.     ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ____William E. Duffin, U.S. Magistrate Judge____ .
*(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
❏ for _____ days *(not to exceed 30)*     ☑ until, the facts justifying, the later specific date of _____01/20/2025_____ .

Date and time issued:      09/22/2025 at 5:00 p.m.              *[signature: William E. Duffin]*
*Judge's signature*

City and state:    Milwaukee, WI               William E. Duffin, U.S. Magistrate Judge
*Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_Executing officer's signature_

_Printed name and title_

## ATTACHMENT A

### Property to Be Searched

Records and information associated with the cellular device assigned number (404) 826-4631 (the "**TARGET CELLULAR DEVICE**"), whose service provider is Verizon (the "Provider" or "Service Provider"), and whose suspected user is DOMINIQUE WILLIAMS.

**ATTACHMENT B**

**Particular Things to be Seized**

**I.      Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A.

a. The following subscriber and historical information about the customers or subscribers associated with **TARGET CELLULAR DEVICE** for the time period September 15, 2025, to the date of this warrant:

|     |     |
|-----|-----|
| i. | Names (including subscriber names, user names, and screen names); |
| ii. | ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses); |
| iii. | iii. Local and long distance telephone connection records; |
| iv. | Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions; |
| v. | Length of service (including start date) and types of service utilized; |
| vi. | Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"); |
| vii. | Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); |

viii. Means and source of payment for such service (including any credit card or bank account number) and billing records; and

ix. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by **TARGET CELLULAR DEVICE**, including:

  i. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses);

  ii. information regarding the cell tower and antenna face (also known as "sectors" through which the communications were sent and received); and

  iii. timing advance data (PCMD, RTT, True Call, Timing Advance, LOCDBOR, or equivalent).

b. Information associated with each communication to and from **TARGET CELLULAR DEVICE** for a period of 30 days from the date of this warrant, including:

  i. Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

  ii. Source and destination telephone numbers;

  iii. Date, time, and duration of communication; and

  iv. All data about the cell towers (i.e. antenna towers covering specific geographic areas) and sectors (i.e. faces of the towers) to which the **TARGET CELLULAR DEVICE** will connect at the beginning and end of each communication The Court has also issued an order pursuant to 18 U.S.C. § 3123, dated today, for such information associated with **TARGET CELLULAR DEVICE**.

c. Information about the location of **TARGET CELLULAR DEVICE** for a period of 30 days during all times of day and night. "Information about the location of the

Subject Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, per call measurement data (PCMD), Timing Advance, True Call, RTT, LOCDBOR, or similar and real time cell site information for 30 days and other precise location information.

    i.  To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of the Provider, the Provider is required to disclose the Location Information to the government. In addition, the Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with the Provider's services, including by initiating a signal to determine the location of the **TARGET CELLULAR DEVICE** on the Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate the Provider for reasonable expenses incurred in furnishing such facilities or assistance.

    ii.  This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. See 18 U.S.C. § 3103a(b)(2).

## II.    Information to be Seized by the Government

All information described above in Section I that will assist in arresting WILLIAMS, who was charged with violating Title 21, United States Code, Sections 841(a)(1) and 846 on October 1, 2024, is the subject of an arrest warrant issued on October 1, 2024, and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

CLERK'S OFFICE
A TRUE COPY

Sep 22, 2025

s/ MMK

Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Wisconsin

In the Matter of the Search of  )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
)    Case No.    25    MJ    168
information about the location of the cellular telephone assigned call number )
(404) 826-4631, service provider of Verizon, a wireless telephone service )
provider headquartered at 180 Washington Valley Road, Bedminster, New )
Jersey 07921. Fully described herein and in Attachment A )

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
See Attachment A.

located in the _____ District of _____ , there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

❑ evidence of a crime;

❑ contraband, fruits of crime, or other items illegally possessed;

❑ property designed for use, intended for use, or used in committing a crime;

☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21, U.S.C., Section 841 | possession with the intent to distribute controlled substances |
| Title 21, U.S.C., Section 846 | conspiracy to possess with the intent to distribute and distribution of controlled substances |

The application is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

☑ Delayed notice of _120_ days *(give exact ending date if more than 30 days:* _01/20/2026_ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

James Buck, FBI Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____telephone_____ *(specify reliable electronic means).*

Date: ___09/22/2025___

_____
*Judge's signature*

City and state:  Milwaukee, WI

William E. Duffin, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF**

**AN APPLICATION FOR A SEARCH WARRANT**

I, James Buck, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number (404) 826-4631, (the "**TARGET CELLULAR DEVICE**"), with the service provider of Verizon, a wireless telephone service provider headquartered at 180 Washington Valley Road, Bedminster, New Jersey 07921.  The **TARGET CELLULAR DEVICE** is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2.      In this application, the United States seeks (1) historical cell-site location information; (2) historical precision location information; (3) prospective, real-time cell-site location information; (4) prospective, real-time precision location information (i.e., E-911 Phase II data and GPS); and (5) subscriber information and other historic non-content records and information.

3.      Because this warrant application seeks, among other things, the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," see 18 U.S.C. § 3127(3) & (4), I also make this affidavit in support of an application by the United States of America for an order pursuant to 18 U.S.C §§ 3122 and 3123, authorizing the installation and use of pen registers and trap and trace devices ("pen-trap devices") to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the **TARGET CELLULAR DEVICE**.

4.      I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been since June 2023. Since June of 2023, I have been assigned to the FBI's Milwaukee Area Safe Streets Task Force (MASSTF), a multi-jurisdictional law enforcement entity charged with investigating violations of federal law, including narcotics trafficking and conspiracy to possess narcotics with intent to distribute as defined under Title 21 of the United States Code, I have been trained in a variety of investigative and legal matters, including the topics of Fourth

Amendment searches, the drafting of search warrant affidavits, and probable cause. I have participated in criminal investigations, surveillance, search warrants, interviews, and debriefs of arrested subjects. As a result of this training and investigative experience, I have learned how and why narcotics traffickers typically conduct various aspects of their criminal activities. I have experience in the investigation of individuals involved in federal criminal offenses, the use of cellular devices to commit those offenses, and the available technology that can be used by law enforcement to assist in identifying the users of cellular devices and their location.

5. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and therefore does not set forth all of my knowledge about this matter.

6. Based on the facts set forth in this affidavit, there is probable cause to believe that DOMINIQUE WILLIAMS (DOB: XX/XX/1989) (WILLIAMS) has violated Title 21, United States Code, Sections 841 and 846 (possession with intent to distribute controlled substances and conspiracy to possess with intent to distribute and distribution of controlled substances). WILLIAMS was charged with these crimes on October 1, 2024 and is the subject of an arrest warrant issued on October 1, 2024. There is also probable cause to believe that WILLIAMS is aware of these charges and has fled. There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting WILLIAMS, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

7. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, see 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

8. On September 20, 2025, at approximately 7:09 pm, a La Paz County Sheriff conducted a traffic stop of a 2008 Toyota van bearing a California license plate [RP107DP] on Interstate 10 at the approximately mile marker 32 near Quartzsite, Arizona. The vehicle registers to Carlos Pelaez (PELAEZ), (XX/XX/1957) and the driver of the vehicle was identified as

PELAEZ.  During the course of the traffic stop, officers attempted to identify a black male passenger who provided an Ecuadorian birth certificate under the name Steven Carlos Pelaez-Guerra, date of birth, April 3, 1989.  Officers on scene contacted Customs and Border Patrol, and the unidentified black male was detained and taken to the Border Patrol Station located at 16870 W Hobson way, Blythe, California 92225 at approximately 8:48 pm on September 20, 2025.  Among the unidentified black male's belongings was approximately $4,000 in United States Currency.  The unidentified black male subject was photographed at the Border Patrol Station, and he had his fingerprints taken, however, because of technological issues with the fingerprinting system, he was released at approximately 11:00 p.m. on September 20, 2022.  The subject was released in Blythe, California, but early the next morning, September 21, 2022, law enforcement received a positive match of the unknown black male subject's fingerprints to the wanted fugitive, Dominique WILLIAMS (XX/XX/1989).   Case agents reviewed the detention photograph of the unidentified black male who provided the Ecuadorian birth certificate taken on September 20, 2025 at the Border Patrol Station, and positively identified WILLIAMS by his facial features, including a scar on his right cheek.

        9.      On September 21, 2022, law enforcement canvassed Blythe, California to locate WILLIAMS and determined that WILLIAMS had obtained a hotel room at the Best Western located at 550 West Donlon Street, Blythe, California 92225 on September 20, 2025, however, WILLIAMS was observed via security camera recordings to have fled the hotel at approximately 11:25 pm after being released from Border Patrol custody.   Law enforcement determined that WILLIAMS paid for the hotel utilizing cash and using the alias "James Brown," which is an alias WILLIAMS used previously while a fugitive in this case. During a review of the security camera footage, case agents observed WILLIAMS in possession of a cellular phone.  Case agents reviewed the security camera footage taken on September 20, 2025, of WILLIAMS at the hotel and positively identified WILLIAMS by his facial features once again.

        10.     On September 22, 2025, case agents queried law enforcement databases and obtained PELAEZ's phone number (714) 251-4141.  As set forth above, PELAEZ was the driver of the vehicle in which WILLIAMS was a passenger on Saturday, September 20, 2025, when he was encountered during the traffic stop.  On September 22, 2025, case agents called PELAEZ and interviewed him regarding his association with WILLIAMS.  PELAEZ stated that WILLIAMS was paying him to utilize his passport as well as utilize his son's (Steven Carlos

Pelaez-Guerra) passport and birth certificate. On September 22, 2025, PELAEZ told case agents that WILLIAMS had telephonic contact with him even after his detention by law enforcement, but did not want PELAEZ to pick him up in his vehicle because of the prior traffic stop. PELAEZ stated that WILLIAMS communicated with PELAEZ utilizing the TARGET CELLULAR DEVICE (404) 826-4631 on September 22, 2025. PELAEZ stated that he spoke with WILLIAMS utilizing the TARGET CELLULAR DEVICE on September 22, 2025, at approximately 9:38am. It should be noted that during his contact with PELAEZ, WILLIAMS texted "I don't wanna drive in car with you in Arizona" and "They might wanna pull us over cuz they let me go and I'm wanted." PELAEZ further described that WILLIAMS told him that he (WILLIAMS) was going to cross into Mexico on foot and would contact PELAEZ when he gets to Mexico so he can retrieve his passport. Set forth below is a screenshot of the text messages between PELAEZ and WILLIAMS ON September 22, 2025:



11.     At this point, Dominique WILLIAMS remains in fugitive status.  Case agents believe that GPS location data is a necessary step towards locating WILLIAMS before he enters Mexico.

12.     At this point, law enforcement is attempting to locate DOMINIQUE WILLIAMS. Case agents believe that the investigation to date, including the interview of PELAEZ and the screenshots of his text messages with WILLIAMS reveals that DOMINIQUE WILLIAMS is in possession of the TARGET CELLULAR DEVICE.  Law enforcement believes that the data requested here regarding the TARGET CELLULAR DEVICE may help them locate DOMINIQUE WILLIAMS' TARGET CELLULAR DEVICE, which will in turn identify WILLIAMS' whereabouts.

## Cell-Site Data

13.     In my training and experience, I have learned that Verizon is a company that provides cellular communications service to the general public. I also know that providers of cellular communications service have technical capabilities that allow them to collect and generate information about the locations of the cellular devices to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular device and, in some cases, the "sector" (i.e., faces of the towers) to which the device connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate general location of the cellular device.

14.     Based on my training and experience, I know that Verizon can collect cell-site data on a prospective basis about the **TARGET CELLULAR DEVICE**. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer was connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers

such as the Service Providers typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

### E-911 Phase II / GPS Location Data

15.     I know that some providers of cellular telephone service have technical capabilities that allow them to collect and generate E-911 Phase II data, also known as GPS data or latitude-longitude data. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. As discussed above, cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data. Based on my training and experience, I believe that Verizon can collect E-911 Phase II data about the location of the **TARGET CELLULAR DEVICE**, including by initiating a signal to determine the location of the **TARGET CELLULAR DEVICE** on the Service Provider's network or with such other reference points as may be reasonably available.

16.     Based on the foregoing, I request that the Court issue the proposed warrants, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

17.     I further request that the Court direct Verizon to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control.

18.     I also request that the Court direct Verizon to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with the Service Provider's services, including by initiating a signal to determine the location of the **TARGET CELLULAR DEVICE** on Verizon network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The

government shall reasonably compensate Verizon for reasonable expenses incurred in furnishing such facilities or assistance.

19.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 120 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the **TARGET CELLULAR DEVICE** would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. See 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. See 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. See 18 U.S.C. § 3103a(b)(2).

20.     Because the warrant will be served on the Service Provider, who will then compile the requested records at a time convenient to them, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the **TARGET CELLULAR DEVICE** outside of daytime hours.

<u>**ATTACHMENT A**</u>

**Property to Be Searched**

Records and information associated with the cellular device assigned number (404) 826-4631 (the "**TARGET CELLULAR DEVICE**"), whose service provider is Verizon (the "Provider" or "Service Provider"), and whose suspected user is DOMINIQUE WILLIAMS.

**ATTACHMENT B**

**Particular Things to be Seized**

**I.      Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A.

a. The following subscriber and historical information about the customers or subscribers associated with **TARGET CELLULAR DEVICE** for the time period September 15, 2025, to the date of this warrant:

i.       Names (including subscriber names, user names, and screen names);

ii.      ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

iii.     iii. Local and long distance telephone connection records;

iv.      Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

v.       Length of service (including start date) and types of service utilized;

vi.      Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

vii.     Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address);

      viii.    Means and source of payment for such service (including any credit card or bank account number) and billing records; and

      ix.    All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by **TARGET CELLULAR DEVICE**, including:

          i.   the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses);

          ii.   information regarding the cell tower and antenna face (also known as "sectors" through which the communications were sent and received); and

          iii.   timing advance data (PCMD, RTT, True Call, Timing Advance, LOCDBOR, or equivalent).

b. Information associated with each communication to and from **TARGET CELLULAR DEVICE** for a period of 30 days from the date of this warrant, including:

          i.   Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

          ii.   Source and destination telephone numbers;

          iii.   Date, time, and duration of communication; and

          iv.   All data about the cell towers (i.e. antenna towers covering specific geographic areas) and sectors (i.e. faces of the towers) to which the **TARGET CELLULAR DEVICE** will connect at the beginning and end of each communication The Court has also issued an order pursuant to 18 U.S.C. § 3123, dated today, for such information associated with **TARGET CELLULAR DEVICE**.

c. Information about the location of **TARGET CELLULAR DEVICE** for a period of 30 days during all times of day and night. "Information about the location of the

Subject Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, per call measurement data (PCMD), Timing Advance, True Call, RTT, LOCDBOR, or similar and real time cell site information for 30 days and other precise location information.

      i. To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of the Provider, the Provider is required to disclose the Location Information to the government. In addition, the Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with the Provider's services, including by initiating a signal to determine the location of the **TARGET CELLULAR DEVICE** on the Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate the Provider for reasonable expenses incurred in furnishing such facilities or assistance.

      ii. This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. See 18 U.S.C. § 3103a(b)(2).

## II.      Information to be Seized by the Government

All information described above in Section I that will assist in arresting WILLIAMS, who was charged with violating Title 21, United States Code, Sections 841(a)(1) and 846 on October 1, 2024, is the subject of an arrest warrant issued on October 1, 2024, and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).